In the matter of the final account of FARRINGTON BARCALOW, executor, &c., of WILLIAM BARCALOW, deceased.

1. An executor is not chargeable with a loss sustained by the estate on account of its depreciation in value, without negligence or misconduct on his part.

2. That an executor has not filed an account for thirty years since the estate was settled will not of itself deprive him of commissions, where it is not shown that anything is due to legatees or creditors, and no reason appears why they could not have compelled him to account.

---

On appeal from the decree of the orphans court of the county of Somerset, allowing the final account of Farrington Barcalow, executor of William Barcalow, deceased.

*Mr. H. M. Gaston,* for appellants.

*Mr. J. D. Bartine,* for respondent.

THE ORDINARY.

The petition of appeal presents nine specific grounds of objection to the account. The first is, that the respondent, the accountant, is not charged with the sum of $1,100 and interest thereon, for the proceeds of the sale by him in 1839 of a lot of land belonging to the testator, and situate in the city of St. Augustine, in Florida. It appears that the testator bought the property in 1836 for $500, and that in 1838, after the testator's death, the accountant sold it to

On final account of Farrington Barcalow, executor.

one George Bartolett for $1,100; that that money was received by the accountant's attorney; that the attorney did not account for it, and the accountant went to St. Augustine to look after the matter, and, though unable to obtain the money, got a mortgage for it from the attorney. The mortgage was foreclosed, and the property, at the sale under foreclosure, was sold to the accountant for $620. Though the accountant took the deed and held the property for some time, and sold it for $75, he has nevertheless charged himself, under date of 1840, with $512.41, the price at which the property was struck off to him, after deducting the expenses of the foreclosure proceedings and sale. When it is considered that that property was bought by the testator in a time of great inflation of the price of real estate, and that it was sold in a time of extreme revulsion and depression, the charge which the accountant has made against himself in this matter would seem to meet all the requirements of justice. This sum of $512.41 being part of the charges of the account, what is said hereafter in regard to interest on the balance appearing to be in the hands of the accountant, applies to it.

The second objection is, that the accountant has not charged himself with all the personal estate of the testator in Florida. The proof does not sustain this objection.

The third is, that he has not charged himself with all the money belonging to the testator which the accountant brought with him from Florida for the testator, in his lifetime. This is not sustained by the proof.

The fourth is, that he has not charged himself with the amount of the testator's purse. Of this there is no proof.

The fifth is, that he is not charged with interest on the balance in his hands from 1842. The balance of the estate in his hands (except the proceeds of the sale of a house and lot, of which the use for life was given to the widow, and $2,000 held by him in trust to pay her the interest thereof) was distributable after the sale of the real estate in New Jersey, in 1842, among the testator's children; as was also,

after the widow's death, the money held for the use of the widow, and the proceeds of the sale of the house just mentioned.

The accountant, in 1842, had charges against the persons entitled to distribution for advances made by him to them on account of their shares, and he alleges that he has since then settled with all of them. The interest allowed after that date would be properly adjustable in the settlement between him and the distributees, and interest would be properly chargeable on any money in his hands at that date belonging to them. The will directs that the executors convert into money all the real and personal estate not specifically devised or bequeathed, and divide the proceeds among the testator's children, paying to each child then of age his or her portion, and, after paying for the education, clothing, and all things necessary for the other children, the executors were then to place the amount of the portion of each of those children at interest or invest it otherwise to the best possible advantage for the benefit of those children. The court, in settling the account, so far as interest is concerned, as of April 1st, 1842, have fixed a period of liability for interest sufficiently early, under the circumstances.

The sixth objection is, that the court has decreed payment of the costs and expenses out of the estate as it stood in 1842. The principle on which the decree was made is, that the account should in fairness be considered as settled in 1842, when the real estate of the testator in New Jersey was sold. On that principle (which is correct), the costs should be charged on the estate as it then stood. Were it not for the fact that the accountant, as well under the provision of the will which made it the duty of the executors to provide for the children as otherwise, had (as is alleged) made advances to the children, which were chargeable against their shares in his hands, he would have been chargeable in the account with interest on the balance of the account down to the time of settlement; but the fact

On final account of Farrington Barcalow, executor.

that such advances were made is a sufficient reason for the action of the court in reference to the interest and costs.

The seventh objection is, that the court allowed the accountant commissions. The estate has been in his hands for very many years, and, while he appears to have filed an account in 1847, it was never settled by the court. Thirty-six years elapsed between the filing of that account and the filing of the one under consideration. The explanation of this long delay in presenting his final account for settlement does not clearly appear. It may, perhaps, be found in the fact that actual settlements with, and payments in full to the parties have taken place, which, in the view of the accountant, rendered a final account unnecessary, or it may have been mere neglect. However that may be, there does not appear to have been any reason why he might not have been called to an account, according to law, at any time after he had settled the estate. There was a litigation in the court of chancery between the appellants on the one side, and him and his mother and the persons who purchased the real estate in New Jersey from him on the other, in which the complainants sought to establish a trust in their favor in that property, on the ground that the purchasers (who subsequently conveyed it to him) bought it in trust for him, and in that suit he was required to account, and he appears to have filed his account with his answer. After answer, the suit was no further proceeded in.

The testator died in 1838, nearly forty years ago, and his real estate in New Jersey was sold about thirty-five years ago. In 1838 the widow was appointed guardian of the minor children. There appears to have been no lack of power or opportunity to call the accountant to account for his administration of the estate. No sufficient reason appears for withholding from him compensation for his services in settling the estate.

The last objection is, that the court allowed him $90, money paid to Thomas A. Hartwell, Esq., for his fee for the clerkship of the accountant in his office to acquire a

knowledge of the profession of the law; the greater part of which clerkship was after the accountant attained his majority. It is alleged that the clerkship began when the accountant was eighteen years of age. That was in 1835. His father died June 26th, 1838. The date of this item is September 10th, 1839. The accountant appears to have been admitted as an attorney-at-law in the term of September of that year. By the will the testator directs that the accountant's share of the estate should be $1,000 less than that of the other children, on account of the superior educational advantages which the testator had afforded him. This clerkship was undoubtedly part of those advantages. Besides, the contract was probably made by his father with Mr. Hartwell. And again, no exception was taken in the orphans court to this item.

The decree of the orphans court will be affirmed, with costs.